STATE OF NORTH CAROLINA v. TROY W. AYERS

No. 8818SC577

(Filed 20 December 1988)

1. Criminal Law § 51.1— social worker—qualification as child abuse expert

The trial court did not err in qualifying a social worker to testify as an expert in child abuse where the witness testified: she held a bachelor's degree in social work and a master's degree in counseling and guidance; she has had over 100 hours of training in the area of sexual abuse; she directly supervised about 350 cases involving sexual abuse as a counseling services supervisor; and she also personally counseled approximately seventy victims of sexual abuse on a weekly basis for six months to two years per victim.

2. Criminal Law § 169.3— admission of testimony over objection—failure to object to similar testimony

Defendant was not prejudiced by the admission over objection of opinion testimony by a social worker that amnesia is a symptom of sexually abused children where a physician had previously testified without objection that in her opinion children who have been sexually abused often have amnesia as to details of the incidents.

3. Criminal Law § 112.2— instructions—duty of jury to ascertain truth—no plain error

The trial court's instructions on the duty of the jury to ascertain the truth did not lower the State's burden of proof to less than proof beyond a reasonable doubt and did not constitute plain error.

APPEAL by defendant from *Friday (John R.), Judge.* Judgment entered 4 December 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 December 1988.

Defendant was found guilty by a jury of two counts of first degree rape of his eight-year-old step-granddaughter. The convictions were consolidated for sentencing, and defendant was sentenced to life imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Allen Jernigan, for the State.*

*Mary K. Nicholson for defendant-appellant.*

SMITH, Judge.

Defendant brings forward two assignments of error. First, he contends the trial court erred in qualifying a witness, Alice Bitticks, as an expert in child sexual abuse and in allowing the witness to testify as an expert. Defendant's second assignment of error is to a portion of the court's instructions to the jury. We have reviewed the assignments of error and find that defendant's trial was free from error.

At trial, the victim was qualified as a witness and testified that she lived with her father, her paternal grandmother and her grandmother's husband, defendant. She testified that on two occasions when she and defendant were at their home alone defendant inserted his "woo" into her "private." Eventually the victim told her mother of the events. The victim was then examined by a physician and questioned by law enforcement officers. The State also presented testimony of the victim's mother, the examining physician, the investigating officer and a social worker, Alice Bitticks, which tended to corroborate the victim's testimony. Defendant's evidence included his own testimony of a good relationship with the victim and a denial of the alleged incidents. He also presented the testimony of several witnesses as to his reputation for truthfulness in the community.

[1] Defendant first assigns error to the testimony of Ms. Alice Bitticks, Counseling Services Supervisor at Turning Point, a division of Family and Children Services. Defendant contends the court erred by qualifying and allowing Ms. Bitticks to testify as an expert in child sexual abuse. We note initially that when the

court accepted the witness as an expert, defendant's trial counsel stated that he had no objection to the testimony as long as the testimony did not reach psychological or psychiatric questions, a condition to which the court agreed. However, defendant notes an exception in the trial transcript to the court's ruling accepting the witness as an expert. Our Supreme Court has stated that "[a] party may not, after trial and judgment, comb through the transcript of the proceedings and randomly insert an exception notation in disregard of the mandates of Rule 10(b)." *State v. Oliver*, 309 N.C. 326, 335, 307 S.E. 2d 304, 312 (1983). "[F]ailure to except or object to errors at trial constitutes a waiver of the right to assert the alleged error on appeal." *Id.* at 334, 307 S.E. 2d at 311. Thus, defendant may not assign error to the witness's qualification as an expert but may only assign error to questions which are properly objected to at trial. App. R. 10(b)(1). Moreover, we find no error in the qualification of Ms. Bitticks as an expert. Ms. Bitticks testified that she holds a bachelor's degree in social work and a master's degree in counseling and guidance. In her three and one-half years of employment at Turning Point, she has had over 100 hours of training in the area of sexual abuse. As counseling services supervisor at Turning Point, she directly supervised about 350 cases involving sexual abuse. She also personally counseled approximately seventy victims of sexual abuse on a weekly basis for six months to two years per victim. "It is enough that through study or experience the expert is better qualified than the jury to render [an] opinion regarding the particular subject." *State v. Howard*, 78 N.C. App. 262, 270, 337 S.E. 2d 598, 604 (1985), *disc. rev. denied and appeal dismissed*, 316 N.C. 198, 341 S.E. 2d 581 (1986). *See* G.S. 8C-1, Rule 702.

[2]  Defendant's only objections to Ms. Bitticks' testimony were to questions regarding her opinion on whether amnesia is a symptom of sexually abused children. Prior to Ms. Bitticks' testimony, the examining physician had testified that in her opinion children who have been sexually abused often have amnesia as to details of the incidents. "Exception to the admission of testimony is waived when testimony of the same import is . . . admitted without objection." *McNeil v. Williams*, 16 N.C. App. 322, 324, 191 S.E. 2d 916, 918 (1972). Plaintiff's first assignment of error is without merit.

State v. Ayers

[3] Defendant's final assignment of error is to the court's instructions to the jury. The court gave the following instruction:

> Now, ladies and gentlemen of the jury, the highest aim of every legal contest is the ascertainment of the truth. In these cases, you have no friendly [sic] to reward or enemy punished [sic]. You have no anger to appease or sorrow to assuage. You as the jury have the solemn duty in these cases to let your verdict speak the truth.

Defendant contends the instruction is error in that it lowers the State's burden of proof to less than the "beyond a reasonable doubt" standard. We disagree with defendant's contention.

Defendant was given an opportunity to object to the jury instructions but did not do so. Our appellate rules provide that "[n]o party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict." App. R. 10(b)(2). "Rule 10(b)(2) . . . requiring objection to the charge before the jury retires is mandatory and not merely directory." *State v. Fennell*, 307 N.C. 258, 263, 297 S.E. 2d 393, 396 (1982). Furthermore, we find no violation of a substantial right entitling defendant to review under the "plain error" doctrine of *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). In determining whether an alleged defect in a jury instruction is "plain error," we must decide if the alleged error had probable impact on the jury's finding of guilt. *Id*. We find no such impact here. "[I]t is fundamental that the charge of the court will be construed contextually, and isolated portions will not be held to constitute prejudicial error when the charge as a whole is free from objection." *State v. Hutchins*, 303 N.C. 321, 346, 279 S.E. 2d 788, 803 (1981). The instruction given is essentially the pattern jury instruction in N.C.P.I. — Crim. 101.36. The charge does not, as defendant contends, admonish the jury to resolve every question presented by the evidence rather than decide whether the jury is convinced of defendant's guilt beyond a reasonable doubt. Moreover, the court properly instructed the jury on the State's burden of proof and the concept of reasonable doubt. Construed as a whole, the instructions given did not constitute error.

No error.

Judges EAGLES and PARKER concur.