STATE OF NORTH CAROLINA v. SHONIE LOU PAVONE

No. 903SC1359

(Filed 5 November 1991)

1. **Criminal Law § 150 (NCI4th) — sentencing — consideration of failure to accept a plea bargain — new hearing**

Defendant is entitled to a new sentencing hearing where it can reasonably be inferred from remarks by the trial judge that he improperly considered defendant's failure to accept

STATE v. PAVONE

[104 N.C. App. 442 (1991)]

a plea bargain and the exercise of her right to a jury trial when he imposed sentence.

**Am Jur 2d, Criminal Law §§ 535, 599.**

2. **Narcotics § 5 (NCI3d)— improper sentence for marijuana offenses**

The trial court acted under a misapprehension of the law when it sentenced defendant to a presumptive term of three years for each offense of sale and delivery of marijuana and possession of marijuana with intent' to' sell and deliver since those offenses are Class I felonies, N.C.G.S. § 90-95(b)(2), and the presumptive term for a Class I felony is two years. N.C.G.S. § 15A-1340.4(f)(7).

**Am Jur 2d, Drugs, Narcotics, and Poisons § 48.**

3. **Narcotics § 4.7 (NCI3d)— possession with intent to sell— instruction on lesser offenses not required**

The trial court in a prosecution for possession of cocaine and of marijuana with intent to sell and deliver did not err in failing to submit to the jury the lesser included offense of simple possession where defendant merely denied that she was present at the premises where the transactions occurred, and there was evidence as to every element of the offenses charged which negated that denial.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 40; Trial § 1430.**

4. **Criminal Law § 884 (NCI4th)— assignment of error to charge— necessity for objection**

Defendant could not assign error to the instructions as given where she failed to object thereto before the jury retired to consider its verdict. Appellate Rule 10(b)(2).

**Am Jur 2d, Trial §§ 1459, 1461.**

ON certiorari to review the judgment and commitment entered 15 September 1989 in CARTERET County Superior Court by *Judge Herbert O. Phillips, III.* Heard in the Court of Appeals 26 September 1991.

Defendant was indicted for sale and delivery of cocaine, possession with intent to sell and deliver cocaine, sale and delivery of

marijuana, and possession with intent to sell or deliver marijuana. The jury returned a verdict of guilty to all charges.

The State's evidence tended to show that an undercover officer worked in Carteret County from July through November 1987. The officer's objective was to purchase illegal drugs from local drug dealers. An informant arranged for the officer to purchase an eighth of an ounce of cocaine from defendant at the informant's house on 31 July 1987. The officer gave defendant $300.00. Defendant left the house and returned approximately 40-45 minutes later with the cocaine. The undercover officer took the cocaine from defendant. Afterwards, the officer made detailed notes about the transaction, including a physical description of the female who had sold the cocaine to her. The notes were admitted as corroborative evidence at trial. The package containing 3.17 grams of cocaine was also admitted into evidence.

On 4 September 1987, the informant arranged for the officer to purchase marijuana from defendant. The informant and the officer drove to a house occupied by defendant and her boyfriend. The officer testified that the house was located at 2406 Fisher Street. After the officer and the informant entered the house, defendant went to another part of the room and retrieved a package of marijuana. The officer took the marijuana from defendant. The officer gave $50.00 to defendant who then gave the money to her boyfriend. Defendant's boyfriend went to another part of the house and returned with $15.00 which he gave to the officer. Afterwards, the officer made notes about the transaction which were admitted as corroborative evidence during the trial. The package, containing 5.1 grams of marijuana, was also admitted into evidence.

The defense emphasized mistaken identification. Defendant denied ever having met the officer. Defendant admitted having only a casual acquaintance with the informant. Defendant specifically denied selling, delivering or transferring any cocaine on 31 July 1987. Defendant also specifically denied selling, transferring or delivering any marijuana to the officer on 4 September 1987. Defendant argued that her physical appearance did not match the officer's description of the person who had sold the controlled substances. Furthermore, defendant produced evidence to show that she did not live at 2406 Fisher Street on 4 September 1987, but, at that time, defendant was living at 1807 Bridges Street, about four blocks away from Fisher Street.

On 15 September 1989, Judge Phillips sentenced defendant to a three-year term of imprisonment for each of the cocaine charges, and ordered that the terms were to run concurrently. He sentenced defendant to a three-year term for each of the marijuana offenses to run consecutively with the sentence imposed for the cocaine charges. He ordered that the three-year term imposed for the conviction of possession of marijuana with intent to sell and deliver be suspended on the condition of one year supervised probation. On 23 July 1990, this Court allowed defendant's petition for certiorari.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Debra C. Graves, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

WELLS, Judge.

Defendant brings forward eight assignments of error for our review. She does not address her first, fourth and sixth assignments in her brief, and they are therefore deemed abandoned. N.C.R. App. P., Rule 28. In her remaining assignments, defendant contends that the trial court erred in (1) relying on an improper and unconstitutional factor when imposing her sentence; (2) acting under a misapprehension of law when sentencing her; (3) failing to instruct the jury on the lesser-included offense of simple possession; (4) instructing the jury peremptorily on an element of the offense; and (5) admitting certain corroborative evidence. We address each issue respectively.

[1] Defendant first contends that the trial court improperly considered both her refusal to agree to a plea arrangement and the exercise of her right to a jury trial in determining the severity of her punishment (active sentence). We agree. "No person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. Our courts have long adhered to the principle forbidding a trial court from improperly considering the defendant's exercise of this constitutional right as an influential factor in determining the appropriate sentence. *See State v. Boone*, 293 N.C. 702, 239 S.E.2d 459 (1977). This rule was recently upheld by our Supreme Court in *State v. Cannon*:

Where it can reasonably be inferred from the language of the trial judge that the sentence was imposed at least in part

because defendant did not agree to a plea offer by the state and insisted on trial by jury, defendant's constitutional right to trial by jury has been abridged, and a new sentencing hearing must result.

326 N.C. 37, 387 S.E.2d 450 (1990), *rev'g*, 92 N.C. App. 246, 374 S.E.2d 604 (1988).

The record reflects that in imposing punishment, the trial court stated:

> The jury has found you guilty in a trial. I understand that there were negotiations with a view toward reaching an agreement with respect to your verdict and sentencing before the trial that were not productive, and I understand and appreciate that, but you must understand that having moved through the jury process and having been convicted, it is a matter in which you are in a different posture.

> . . .

> The substance of the judgment, Ms. Pavone, is that you would serve a six years [sic] active sentence. I think that is appropriate. You tried the case out; this is the result.

We find that it can be reasonably inferred from the above language that the trial court improperly considered defendant's failure to accept a plea and the exercise of her constitutional right to a jury trial when the trial court imposed her sentence. Accordingly, we hold that defendant is entitled to a new sentencing hearing on all charges.

[2] Defendant next contends that she was incorrectly sentenced for both marijuana charges because the trial court was acting under a misapprehension of law when it sentenced her. We agree. Although we have granted a resentencing hearing as to these charges, we address this issue to alleviate the risk of this error recurring during the resentencing hearing.

The record indicates the trial court perceived the marijuana offenses to be Class H felonies. Class H felonies carry a presumptive sentence of three years. N.C. Gen. Stat. § 15A-1340.4(f)(6) (1988). Thus, the trial court imposed a presumptive sentence of three years for each marijuana offense.

Marijuana is classified as a Schedule VI controlled substance. N.C. Gen. Stat. § 90-94 (1990). The offenses of sale and delivery

STATE v. PAVONE

[104 N.C. App. 442 (1991)]

of marijuana and possession with intent to sell and deliver marijuana are Class I felonies. G.S. § 90-95(b)(2). The presumptive term for a Class I felony is two years. G.S. § 15A-1340.4(f)(7). Thus, we agree that the trial court acted under a misapprehension of law when it sentenced defendant to a presumptive term of three years for each marijuana offense.

[3] As her third assignment of error, defendant contends she is entitled to a new trial for both charges of possession with intent to sell and deliver because the trial court erroneously failed to submit the lesser-included offense of simple possession to the jury. Simple possession of a controlled substance is a lesser-included offense of possession with intent to sell and deliver a controlled substance. *State v. Gooch*, 307 N.C. 253, 297 S.E.2d 599 (1982).

Defendant alleges she was entitled to have the simple possession instruction submitted because there was conflicting evidence regarding the element of intent. The State's evidence of defendant's intent to sell and deliver consisted of the undercover officer's detailed testimony about the sales which occurred between her and defendant on 31 July and 4 September. Defendant contends her testimony that she did not sell, deliver or transfer any cocaine or marijuana on the dates in question contradicts the State's evidence of intent thereby creating a conflict in the evidence relating to this element.

The determinative factor in the test of whether a lesser-included offense instruction should be submitted to the jury is what the evidence tends to prove. *State v. Strickland*, 307 N.C. 274, 298 S.E.2d 645 (1983). "If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense. . . . and there is no evidence to negate these elements *other than defendant's denial that he committed the offense*, the trial court should properly exclude from jury consideration the possibility of conviction [of a lesser-included offense]." *Id*. (Emphasis added). Defendant's denial that she was present at the premises where these transactions occurred necessarily includes the denial that she possessed the contraband sold and delivered on these occasions. Where defendant only denies an *element* of the offense as opposed to the complete offense, reliance upon *Strickland* would be misplaced. *State v. Williams*, 314 N.C. 337, 333 S.E.2d 708 (1985). (Emphasis added). However, when a defendant denies having committed a complete offense and there is evidence as to every element of

the offense which negates that denial, application of *Strickland* is proper. *Id.* Defendant's testimony constituted a complete denial of these charges, and the record indicates there was evidence as to every element of the offense which negated that denial. Thus, we hold that the trial court did not err in failing to submit the lesser-included offense to the jury.

**[4]** As her fourth assignment of error, defendant contends she is entitled to a new trial in both sale and delivery cases because the trial court erroneously peremptorily instructed the jury about the sale and delivery element of the charged offenses. "A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict. . . ." N.C.R. App. P., Rule 10(b)(2). This requirement is mandatory and not merely directory. *State v. Fennel,* 307 N.C. 258, 297 S.E.2d 393 (1982). *Accord, State v. Ayers,* 92 N.C. App. 364, 374 S.E.2d 428 (1988). The record reveals that after the alternate juror was released, the court asked counsel for the State and counsel for defendant if they had any objections to the jury instructions as given. Neither attorney objected. Accordingly, this issue was not properly preserved by defendant for review.

After reviewing the record, we conclude that defendant's final assignment of error has not been properly preserved for our review and we therefore do not consider this assignment.

No error in the trial.

Remanded for resentencing as to all charges.

Judges PARKER and WYNN concur.