24185

The STATE, Respondent v. Morris V. HAZEL, Appellant.

(453 S.E (2d) 879)

Supreme Court

*Chief Atty. Daniel T. Stacey* and *Asst. Appellate Defender Lisa Gregory,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen., T. Travis Medlock, Chief Deputy Atty. Gen., Donald J. Zelenka,* and *Deputy Atty. Gen., Salley Elliott,*

Columbia, and *Sol. Barbara R. Morgan*, Aiken, *for respondent.*

Heard Nov. 1, 1994.

Filed Jan 23, 1995. Reh. Den. Feb. 24, 1995.

MOORE, Justice:

Appellant contends the trial judge erred in failing to sentence him under the Youthful Offender Act (YOA), S.C. Code Ann. § 24-19-10 et. seq. (1989). We affirm in part and reverse in part and remand for resentencing.

## FACTS

Appellant was arrested following a drug bust at a car wash. Appellant and two males were outside the building when the police pulled into the parking lot. Appellant walked quickly to the side of the building and was seen throwing something into a grassy area. A white vial was recovered and the contents tested positive as crack cocaine.

Appellant was convicted of possession with intent to distribute crack cocaine. Appellant, who was nineteen at the time of trial, requested that he be sentenced under the YOA. The trial judge refused and sentenced appellant to fifteen years and imposed a $25,000 fine.

## ISSUE

Did the trial judge err in failing to sentence appellant under the YOA?

## DISCUSSION

In response to appellant's request for sentencing under the YOA, the trial judge stated.

> Well, it's one thing, if he'd pled guilty, I'd have considered that, but taking into consideration the age and where he was and the time it was, the sentence of the court is you be confined to the State Board of Corrections for a period of fifteen years and pay a fine of twenty-five thousand dollars.

> The determination that a defendant will not benefit from sentencing under the YOA is within the trial judge's discretion. *Brown v. State,* 265 S.C. 516, 220

S.E. (2d) 125 (1975). However, we find the trial judge relied heavily on appellant's exercise of his right to a jury trial as weighing against sentencing under the YOA.

"[C]ourts have long adhered to the principle forbidding a trial court from improperly considering the defendant's exercise of his constitutional right to a jury trial as an influential factor in determining the appropriate sentence." *State v. Pavone*, 104 N.C. App. 442, 410 S.E. (2d) 1 (1991). *Accord Pasley v. State*, 559 So. (2d) 1167 (Fla. Dist. Ct. App. 1990) ("No extended citation of authority is necessary to show that the court may not punish a defendant for going to trial as opposed to 'pleading out.' "); *Fermo v. State*, 370 So. (2d) 930 (Miss. 1979) (sentencing court cannot base sentence, either in whole or part, upon defendant's exercise of constitutional right to a jury trial). We hold the trial judge abused his discretion by considering the fact that appellant exercised his right to a jury trial. Accordingly, appellant is entitled to a resentencing hearing.

Appellant's remaining issue is affirmed pursuant to Rule 220(b)(1), SCRCP, and the following authority: *Gilmore v. State*, 314 S.C. 453, 445 S.E. (2d) 454 (1994) (evidence does not support an instruction on lesser included offense).

Affirmed in part; reversed in part and remanded.

CHANDLER C.J., and FINNEY, TOAL and WALLER, JJ., concur.