478 S.E.2d 696

The STATE, Respondent,

v.

David LEWIS, Jr., Appellant.

No. 2597.

Court of Appeals of South Carolina.

Submitted Nov. 6, 1996.

Decided Nov. 25, 1996.

Assistant Appellate Defender Lesley M. Coggiola, of the South Carolina Office of Appellate Defense, Columbia, for Appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Robert G. DeLoach, III, Columbia; and Solicitor Barbara R. Morgan, Aiken, for Respondent.

PER CURIAM:

Davis Lewis, Jr. appeals his sentence of three years imprisonment for shoplifting, asserting that his sentence was in

excess of the statutory maximum penalty.  We affirm.[1]

On June 29, 1995, Lewis was convicted at a bench trial for shoplifting a package of loose tobacco and two cigarette lighters.  Lewis stipulated at trial that he had been convicted of shoplifting on at least two prior occasions.[2]  The trial judge sentenced Lewis to three years in prison.  The trial judge gave Lewis the following reasons for his sentence:

> I normally wouldn't impose a long period of incarceration for someone stealing a pack of tobacco and a couple of cigarette lighters but for the fact that you have this extensive record that I have to consider.  It basically shows that you prey on society instead of going out and living a responsible life.  So, I'm going to sentence you in this case to three years in the Department of Corrections.  Good luck to you.

Lewis did not object to the sentence at trial.

Lewis appeals his sentence by arguing that it exceeds the statutory maximum for shoplifting.  We disagree. Lewis correctly notes that sentences which exceed the maximum allowable punishment must be remanded for resentencing.  *See State v. Fowler*, 277 S.C. 472, 289 S.E.2d 412 (1982); *State v. Storgee*, 277 S.C. 412, 288 S.E.2d 397 (1982); *State v. Hill*, 254 S.C. 321, 175 S.E.2d 227 (1970).  Lewis was found guilty of violating S.C.Code Ann. § 16–13–110(B)(1) (Supp. 1995), which punishes shoplifting of goods worth $1,000 or less with imprisonment of no more than thirty days and fines of no more than $500.  Obviously, Lewis's sentence of three years exceeds this particular statutory penalty.

Nevertheless, the State argues that the trial judge properly sentenced Lewis pursuant to S.C.Code Ann. § 16–1–57 (Supp. 1995), which provides:

> A person convicted of an offense for which the term of imprisonment is contingent upon the value of the property

---

1.  Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

2.  Lewis has an extensive criminal record that includes four previous shoplifting convictions as well as convictions for approximately twenty other offenses from 1972–1995.

involved must, upon conviction for a third or subsequent offense, be punished as prescribed for a Class E felony.

A person convicted of a Class E felony may be imprisoned for up to ten years. S.C.Code Ann. § 16–1–20(A)(5) (Supp.1995).

▮ Legislative intent must control in statutory interpretation if it reasonably can be discovered from the language of the statute. The statutory language must be construed in light of the intended purpose of the statute. *See Dumas v. InfoSafe Corp.*, 320 S.C. 188, 463 S.E.2d 641 (Ct.App.1995) (citing *Focus on Beaufort County v. Beaufort County*, 318 S.C. 227, 456 S.E.2d 910 (1995)). Here, the "three strikes and you're out" statute is clear and unambiguous. Shoplifting falls within the class of property crimes in which "the term of imprisonment is contingent upon the value of the property involved." *See* S.C.Code Ann. § 16–1–57, 16–13–110(B) (Supp. 1995). Lewis's four prior shoplifting convictions place him within the rule in § 16–1–57. Pursuant to § 16–1–20(A)(5), Lewis could have been sentenced to a maximum of ten years in prison as a Class E felon. Thus, Lewis's three year sentence does not exceed the statutory maximum penalty for his crime.

For the foregoing reasons, Lewis's sentence is

**AFFIRMED.**

CURETON, GOOLSBY and ANDERSON, JJ., concur.