520 S.E.2d 801

**Marshall DAVIS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24986.

Supreme Court of South Carolina.

Submitted May 27, 1999.

Decided Aug. 9, 1999.

330

Assistant Appellate Defender Melissa J. Reed Kimbrough, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General J. Benjamin Aplin, all of Columbia, for respondent.

TOAL, Justice:

In this post-conviction relief (PCR) matter, Marshall Davis ("petitioner") asks this Court to review the PCR court's denial of relief.

### FACTUAL/PROCEDURAL BACKGROUND

In June 1995, a jury convicted petitioner on one count of distribution of crack cocaine. The trial court sentenced petitioner to ten years in prison. Petitioner's attorney subsequently made a motion for reconsideration and reduction of the sentence. The trial court denied the motion.

On June 22, 1995, petitioner filed a notice of appeal, which was later withdrawn on January 24, 1996. On March 25, 1996, petitioner filed an application for PCR. Petitioner argued his trial counsel had been ineffective.[1] The PCR court dismissed the application, finding petitioner's allegation that he received ineffective assistance of counsel was without merit. We granted certiorari to address the following issue:

---

1. Petitioner raised the following arguments at the PCR hearing:
    (1) trial counsel did not object to the testimony that petitioner refused to cooperate with the police after he was arrested;
    (2) trial counsel failed to move for a directed verdict of acquittal on the charge of distribution of crack cocaine; and
    (3) trial counsel failed to object when the trial court sentenced him more harshly for exercising his right to a jury trial.

Whether the PCR court erred in ruling that petitioner received effective assistance of counsel when the trial court in sentencing petitioner considered petitioner's decision to have a jury trial, and trial counsel did not object?

## SCOPE OF REVIEW

█ In reviewing a claim of ineffective assistance of counsel, this Court applies the following two-part test: (1) the applicant must show his or her counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's error, there is a reasonable probability the result of the trial would have been different. *Jackson v. State,* 329 S.C. 345, 495 S.E.2d 768 (1998) (applying *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In reviewing the PCR court's decision, this Court is concerned only with whether there is any evidence of probative value to support that decision. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989).

## LAW/ANALYSIS

█ Petitioner argues that relief should be granted because his trial counsel failed to object when the trial judge, after sentencing petitioner, indicated he considered petitioner's decision to have a jury trial as a factor in sentencing. We agree.

After the trial court sentenced petitioner, petitioner's attorney[2] made a motion to have the sentence reduced. The following colloquy took place between the trial court and defense counsel:

[**Defense Counsel**]: It's for reduction, your honor. Your honor, as you know Mr. Adams couldn't be here today and he—as Mr. Davis—he's the one who represented Mr. Davis at trial and throughout the period since Mr. Davis was sent to us by the clerk of court. Mr. Adams has asked me to make this motion on Mr. Davis' behalf for a reduction in the sentence. There was no plea bargain offered. Mr. Adams, I understand, made several attempts to negotiate a plea and law enforcement refused. This is the reason that this case

---

2. Petitioner's original attorney, Wendell Adams, was not present when the motion was made. Instead, Mr. Adams had an assistant public defender stand in his place to argue the motion.

went to trial in the first place. There were two drug dealers who did plead guilty during the time that your honor has been here with us this past couple of weeks and they have received lower sentences. I think one got seven years, J.J. J.J. got seven years and Dubois got eighteen months and I believe both of those were negotiated pleas. . . .

[State]: May it please the court, your honor? Cory Fleming from our office prosecuted the case at trial. I'm familiar with the case. One reason an offer was never extended in the case was the only discussion that Mr. Adams ever had with my office was for some type of probationary sentence and our office didn't agree to that, and it's accurate in regard to John Paul Thompson and Thomas Jefferson Dubois as to the sentences that they received.

[Defense Counsel]: Mr. Davis has no prior drug convictions. I mean, he does have a record, but he has no drug convictions.

[Court]: Yes, ma'am, but he didn't plead guilty. Those other two people, they pled guilty. They admitted what they had done and to me that's the first step towards rehabilitation is admitting that you did something wrong and you're pleading guilty and when a fellow wants a trial which he's entitled to as a matter of law—and that's fine.

[Defense Counsel]: I believe that when Mr. Adams discussed it with Mr. Branham that Mr. Branham stated the fact that they wanted to hang him high.

[Court]: Well, the jury found him guilty and I sentenced him and I'm not going to change my sentence. Thank you very much.

■ In *State v. Hazel*, 317 S.C. 368, 453 S.E.2d 879 (1995), this Court held that a trial judge abuses his discretion in sentencing when he considers the fact that the defendant exercised his right to a jury trial. In *Hazel*, the trial judge gave the following response to the defendant's request for sentencing under the Youthful Offender Act ("YOA"):

Well, it's one thing, if he'd pled guilty, I'd have considered that, but taking into consideration the age and where he was and the time it was, the sentence of the court is you be

confined to the State Board of Corrections for a period of fifteen years and pay a fine of twenty-five thousand dollars. *Hazel*, 317 S.C. at 369, 453 S.E.2d at 879. The Court held that the trial judge abused his discretion in relying on defendant's exercise of his right to a jury trial as weighing against sentencing under the YOA.

One of the cases relied on by this Court in *Hazel* was the North Carolina Supreme Court opinion in *State v. Pavone*, 104 N.C.App. 442, 410 S.E.2d 1 (1991). In *Pavone*, the trial judge made the following comments when sentencing the defendant:

The jury has found you guilty in a trial. I understand that there were negotiations with a view toward reaching an agreement with respect to your verdict and sentencing before the trial that were not productive, and I understand and appreciate that, but you must understand that having moved through the jury process and having been convicted, it is a matter in which you are in a different posture....

*Pavone*, 410 S.E.2d at 3.

In the instant case, the PCR judge found petitioner's trial counsel was not ineffective for failing to object to the trial court's comments. The PCR judge concluded that the trial court's remarks in the transcript were speculative and could just as easily lead a reasonable person to a contrary conclusion. We disagree.

In the above colloquy, defense counsel argued to the trial court that similarly situated defendants had received lower sentences than petitioner. In response to this argument, the trial judge unequivocally stated that the other defendants had, in fact, pled guilty. The trial judge further expressed his preference for guilty pleas by explaining that such admissions of responsibility were the first steps toward rehabilitation. We find these statements clearly revealed that the trial judge, in sentencing petitioner, improperly considered petitioner's decision to proceed with a jury trial. *See Hazel, supra.*

## CONCLUSION

Based on the foregoing, we **REVERSE** the PCR court's denial of relief.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.