THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Brenda Tart Dudley,       
Appellant.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-110
Submitted December 1, 2004  Filed February 
 11, 2005

AFFIRMED

 
 
 
Louis S. Moore, of Charleston, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Brenda Tart Dudley was convicted 
 of shoplifting and sentenced to ten years imprisonment, suspended upon the service 
 of four years and five years probation.  She argues on appeal that the trial 
 judge erred in:  (1) repeatedly interrupting counsel during the trial, expressing 
 bias, and thereby denying her a fair trial; and (2) giving her a sentence disproportionate 
 to the offense.  We affirm. [1] 
FACTS
On August 7, 2001, Ronald Lyles, owner 
 of an Ace Hardware store, observed Dudley and a male removing the plastic packaging 
 from expensive pliers and placing the pliers in the males clothing.  The pliers 
 had been removed from their display several aisles over.  Dudley and the male 
 separated and left the store.  Lyles chased the male in the parking lot until 
 he disappeared down an alley.  Lyles brother questioned Dudley until police 
 arrived.  Dudley denied taking anything from the store.  Dudley gave police 
 the name of a man she was with, but the man was never taken into custody.  The 
 pliers were never recovered.  Dudley was charged with shoplifting.  
After electing to proceed in a bench trial, 
 Dudley was convicted.  She appeals.  
LAW/ANALYSIS
I. Questioning by the Court
Dudley argues she was denied her right 
 to a fair trial because the trial judge interrupted counsel to ask questions 
 of the witnesses and the judge expressed a bias with regard to shoplifting charges.  
 We disagree.
Prior to the bench trial, the trial judge 
 expounded on the problem of shoplifting in society.  The judge informed Dudley 
 that if she was convicted, he would put her in jail.  Throughout the trial, 
 the judge would interrupt counsel for both Dudley and the State to question 
 witnesses, including Dudley.  The judge denied Dudleys motion for a directed 
 verdict, stating that there was no question that Dudley knew the male suspect, 
 that she was a confederate of the male suspect, and, citing the store-owners 
 testimony, that she knew what he was placing in his clothing.  However, the 
 judge went on to address the requirements for granting a motion for directed 
 verdict and to state that he had not yet weighed the facts and would not determine 
 the matter until he had heard the entire case.  
Although Dudley argues the trial judge was biased 
 against those charged with shoplifting and that the judge indicated by his questions 
 that he had deliberated her guilt prior to the close of the case, this issue 
 is not properly before this court.  Dudley did not object to the judges pre-trial 
 statements, to his interruptions, or to his comments during the directed verdict 
 motion.  She never complained to the trial judge that his actions were denying 
 her of a fair trial, she failed to raise the issue of bias before the judge, 
 and she failed to request that the judge recuse himself.  Accordingly, she failed 
 to preserve her complaint for appellate review.  State v. Hicks, 330 
 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding that issues not raised to 
 and ruled upon by the trial court are not preserved for appellate review); Bryan 
 v. Bryan, 296 S.C. 305, 311, 372 S.E.2d 116, 120 (Ct. App. 1988) (holding 
 that where a party failed to raise the issue of bias and failed to request recusal, 
 the issue of judicial bias was waived on appeal).  As Dudley never complained 
 about judge bias below, she cannot argue that issue on appeal.  
II. Disproportionate Sentence
Dudley argues her sentence was out of proportion 
 with the severity of the crime, and thus her punishment was cruel and unusual.  
 We disagree.
Prior to trial, the judge informed Dudley that 
 if youre convicted, Im gone [sic] put you in jail.  I want you to know that 
 ahead of time.  If you convicted [sic] and I find you guilty, Im gone [sic] 
 put you in jail because you have used the system and you lost.  The trial judge 
 also warned Dudley that he had previously given a man convicted of shoplifting 
 a ten-year sentence. [2]   After finding Dudley guilty of the crime, the trial judge 
 considered her sentence.  Noting her long criminal history [3] and after hearing from two of 
 her children, the trial judge asked Dudley to acknowledge her involvement in 
 the crime and he would consider that a mitigating circumstance in sentencing.  
 When she again denied involvement, the judge gave her the weekend to consider 
 the matter further.  When the matter was reconvened, Dudley apologized to the 
 judge, but she stated she was not denying or acknowledging her involvement 
 in the crime.  The trial judge sentenced her to ten years, suspended upon the 
 service of four years and five years probation.  
We note that this issue is not properly before 
 us.  Dudley did not object to the sentence or complain to the judge that the 
 sentence was disproportionate to the severity of the crime.  Accordingly, this 
 issue is not preserved for appellate review.  Hicks, 330 S.C. at 216, 
 499 S.E.2d at 214; State v. Shumate, 276 S.C. 46, 47, 275 S.E.2d 288, 
 288 (1981) (holding that a failure to object to a sentence at the time of sentencing 
 precludes appellate review of the matter).  
In any event, a trial judge has broad discretion 
 in giving sentences within the statutory limits.  Brooks v. State, 325 
 S.C. 269, 271-72, 481 S.E.2d 712, 713 (1997).  A sentence is not excessive 
 if it is within statutory limitations and there are no facts supporting an allegation 
 of prejudice against a defendant.  Id. at 272, 481 S.E.2d at 713.  Dudley 
 was convicted of her third shoplifting offense.  The sentence for a third offense 
 shoplifting conviction is up to ten years imprisonment.  S.C. Code Ann. § 16-13-110 
 (2003) (defining shoplifting as a misdemeanor or felony, depending on the value 
 of the property taken); S.C. Code Ann. § 16-1-57 (2003) (A person convicted 
 of an offense for which the term of imprisonment is contingent upon the value 
 of the property involved must, upon conviction for a third or subsequent offense, 
 be punished as prescribed for a Class E felony.); S.C. Code Ann. § 16-1-20 
 (A)(5) (2003) (noting the punishment for a Class E felony is not to exceed ten 
 years).  Thus, the sentence was clearly within the statutory mandates.   
The cruel and unusual punishment clause 
 requires the duration of a sentence not be grossly out of proportion with the 
 severity of the crime.  State v. Jones, 344 S.C. 48, 56, 543 S.E.2d 
 541, 545 (2001).  Three factors are considered in determining proportionality:  
 (1) the gravity of the offense compared to the harshness of the penalty; (2) 
 sentences imposed on other criminals in the same jurisdiction; and (3) sentences 
 for the same crime in other jurisdictions.  Id.  
Dudley points to two cases from this jurisdiction 
 to support her argument that her sentence was disproportionate.  In State 
 v. Timmons, 349 S.C. 389, 563 S.E.2d 657 (2002), the defendant was sentenced 
 to eight years for his fifteenth shoplifting conviction and to two years for 
 possession of cocaine.  The court affirmed the convictions and sentences, deciding 
 only the issue of whether the trial court had subject matter jurisdiction to 
 entertain the defendants plea to possession of cocaine.  Timmons, 349 
 S.C. at 394, 563 S.E.2d at 660.  Dudley also points to State v. Lewis, 
 325 S.C. 324, 478 S.E.2d 696 (Ct. App. 1996), in which a defendant with nearly 
 twenty prior convictions, including four prior shoplifting convictions, was 
 sentenced to three years for shoplifting.  This court affirmed his sentence, 
 finding it was within the statutory maximum.  Lewis, 325 S.C. at 327, 
 478 S.E.2d at 698.  
We find Dudleys sentence did not violate the cruel and usual punishment 
 clause.  Her suspended sentence was within the statutory maximum.  Her sentence 
 is not grossly disproportionate to the crime of third offense shoplifting.  
 Finally, her sentence was not grossly disproportionate to the sentences given 
 to others convicted of shoplifting, as seen in Timmons and Lewis.   

CONCLUSION
 Based on the foregoing, Dudleys conviction 
 and sentence are
 AFFIRMED.
 HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR. 

 
 
 [2]   Although Dudley does not complain about this specific incident, 
 we note that the trial judge seemed to indicate he would punish Dudley for 
 exercising her right to a trial.  After informing Dudley of her right to a 
 trial, the trial judge later said that if Dudley were convicted: . . . Im 
 gone [sic] send you to jail for a lot longer time than I would if you were 
 entering a plea because youve taken the time from the court when in your 
 heart-of-hearts you know whether or not youve got a good defense or not.  
 Dudley never objected to this statement at trial, and she does not complain 
 about this issue now.  Although it is impermissible for a trial judge to consider 
 the exercise of a constitutional right to a trial in sentencing, this issue 
 is not preserved for our review.  Davis v. State, 336 S.C. 329, 333, 
 520 S.E.2d 801, 803 (1999) (holding it was impermissible for a sentencing 
 court to consider the exercise of the right to trial in pronouncing sentence); 
 State v. Hazel, 317 S.C. 368, 370, 453 S.E.2d 879, 880 (1995) (same).  
 

 
 
 [3] Dudley had a prior criminal record that included two prior shoplifting 
 convictions, involuntary manslaughter, food stamp fraud, simple possession 
 of marijuana, receiving stolen goods, grand larceny, and giving a false statement 
 upon attempting to purchase a weapon.