# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Nelson H. Castro, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2015-000021

---

## ON WRIT OF CERTIORARI

---

Appeal From Horry County

The Honorable Larry B. Hyman, Jr., Circuit Court Judge
The Honorable Kristi Lea Harrington, Post Conviction Judge

---

Opinion No. 27648
Submitted June 17, 2016 – Filed July 20, 2016

---

## REVERSED AND REMANDED

---

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney
General Caitlin Bazan Hastings, both of Columbia, for
Respondent.

---

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the dismissal of his application for post-conviction relief (PCR).  We grant the petition for a writ of certiorari, dispense with further briefing, reverse the order of the PCR judge, and remand this matter for resentencing.

## FACTUAL/PROCEDURAL BACKGROUND

After a trial, petitioner was convicted of trafficking cocaine between twenty-eight and one hundred grams and was sentenced to fifteen years' imprisonment. Petitioner filed a timely motion for resentencing, which was denied after a hearing. Petitioner's conviction and sentence were affirmed on direct appeal.  *State v. Castro*, Op. No. 2012-UP-378 (S.C. Ct. App. filed June 20, 2012).

Petitioner filed an application for PCR alleging trial counsel was ineffective for failing to object when the trial judge improperly considered petitioner's decision to exercise his right to a jury trial as a factor in sentencing petitioner.  The PCR judge denied relief, finding petitioner failed to meet his burden of proving the allegation.

## ISSUE

Did the PCR judge err in finding petitioner failed to prove trial counsel was ineffective in failing to object when the trial judge considered petitioner's decision to exercise his constitutional right to a jury trial as a factor in sentencing petitioner?

## LAW/ANALYSIS

In this case, petitioner was charged with four drug related offenses.  One month before his trial, the State offered to dismiss several of petitioner's charges and recommend a minimum sentence in exchange for petitioner's decision to plead guilty to trafficking between twenty-eight and one hundred grams of cocaine. Petitioner declined the offer, and a trial date was set for his trafficking charge. Immediately preceding the trial, the trial judge explained to petitioner that the State's plea offer was still on the table, stating the following:

> I have pre-tried this with your attorney, and I will tell you
> I am inclined to sentence on a plea [to] seven years.  *I*
> *would not be so inclined in the event of trial.*  Also, you
> would [sic] regardless of how this trial comes out, you
> would still be looking at the other three charges as well
> for which you could be tried and would be tried.

. . . .

Now, your attorney tells me that you do not wish to accept this offer by the State, that you want to go to trial on this charge, and ultimately for all the charges. Is that what you want to do, [petitioner]? Are you sure that's what you want to do?

(emphasis added).

Petitioner responded that he wanted to proceed to trial. At sentencing, the following colloquy occurred:

| | |
|---|---|
| [The State]: | . . . . As Your Honor is well aware, [petitioner] was offered to plead to a minimum sentence last month. He was arraigned. He chose to reject the plea offer. |
| [Trial Judge]: | In addition, he was given the concession of dismissal of several other pending charges that have not been tried? |
| [The State]: | That is correct, Your Honor, if he pled guilty . . . .<br><br>The State does not seek or request any mercy on this Defendant, Your Honor. |
| [Trial Judge]: | [Petitioner], anything you want to tell me? |
| [Petitioner]: | (Nods in the negative.) |
| [Trial Judge]: | [Petitioner], this is classified by the Legislature in this State as not only a violent crime, but a most serious offense. It has a no probation, no suspension of |

sentence clause in the sentence.

> *You are different from these other defendants in that they have cooperated and they have acknowledged their responsibility for the crimes that they have committed.*
>
> [Petitioner], this is, as I said, an extremely serious offense. *The State has had to take you to trial on a case where there was overwhelming evidence of your guilt.* The jury has found you guilty, and I sentence you to incarceration in the State Department of Corrections for a period of fifteen years.

(emphasis added).[1]

Trial counsel did not object at any point during this colloquy. Trial counsel filed a timely motion for resentencing; however, at no point did trial counsel argue petitioner's sentence should be reconsidered due to the trial judge's improper consideration of petitioner's decision to exercise his right to a jury trial.

The trial judge denied the motion for resentencing, giving the following reasons for his imposition of a long sentence: (1) there was overwhelming evidence presented at petitioner's trial, including a video recording of petitioner selling approximately eighty-four grams of cocaine to a confidential informant; (2) the State might drop petitioner's pending charges if petitioner were given an "appropriate sentence;" and (3) in his opinion, fifteen years of incarceration was a mid-range sentence for trafficking. Additionally, the trial judge stated, "I certainly don't penalize anybody from going to trial . . . But acceptance of responsibility is, I believe, a valid . . .

---

[1] Two co-defendants were arrested for the same transaction as petitioner. One of these co-defendants testified at petitioner's trial, revealing that, although he was originally indicted for trafficking cocaine, he pleaded guilty to a lesser offense and received a sentence of three years' imprisonment.

consideration for [t]he Court."[2]

On PCR, petitioner alleged trial counsel was ineffective in failing to object to the trial judge's consideration of petitioner's decision to exercise his right to a jury trial as a factor in sentencing petitioner.

The PCR judge found trial counsel's testimony, "[I]t just never struck me that [petitioner] was going to be punished because we went to trial, and so I didn't raise it in that context" indicated trial counsel had a "valid strategic reason" for failing to object to petitioner's sentence on that ground. Further, the PCR judge found petitioner "failed to demonstrate he would have received a different sentence if such an objection had been made" because the trial judge articulated a "number of factors" for petitioner's fifteen-year sentence, including petitioner's immigration status, petitioner's pending charges, and the overwhelming evidence presented against petitioner at trial. Accordingly, the PCR judge found petitioner did not meet his burden of proving the deficiency or prejudice required for a finding of ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to prove ineffective assistance of counsel, the applicant must show counsel's performance fell below an objective standard of reasonableness; and but for counsel's error, there is a reasonable probability the result of the trial would have been different).

Petitioner argues the PCR judge erred because the transcript of the pre-trial conference and sentencing colloquy reveal that the trial judge abused his discretion when he improperly considered petitioner's decision to proceed to trial as a factor in sentencing petitioner to fifteen years' imprisonment. Petitioner further argues, if counsel had objected to the sentence on that ground, there is a reasonable probability the trial judge would have sustained the objection and modified the sentence, or, at the very least, the objection would have been preserved for appellate review.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State . . . ." U.S. Const. amend. VI. When a trial judge considers the fact that the defendant exercised his or her constitutional

---

[2] On direct appeal, petitioner argued the trial judge abused his discretion by improperly considering petitioner's decision to exercise his right to a jury trial when sentencing petitioner. The Court of Appeals held this issue was not preserved for review.

right to a jury trial as a factor in sentencing the defendant, it is an abuse of discretion. *See Davis v. State*, 336 S.C. 329, 520 S.E.2d 801 (1999) (holding counsel was ineffective in failing to object when the trial judge indicated the reason he sentenced Davis more harshly than two similarly-situated offenders who, unlike Davis, had pled guilty was because those offenders admitted their guilt); *State v. Hazel*, 317 S.C. 368, 453 S.E.2d 879 (1995) (holding the trial judge abused his discretion when the judge considered the fact that Hazel did not plead guilty in declining to grant Hazel's request for sentencing under the Youthful Offender Act).

We hold the statements made by the trial judge clearly reveal he improperly considered petitioner's decision to exercise his right to a jury trial in sentencing petitioner. The PCR judge erred in concluding that, because the trial judge "articulated that [petitioner's] sentence was based on a number of factors," petitioner failed to prove he was prejudiced by counsel's deficient performance. Rather, a trial judge abuses his or her discretion when he or she *considers* the fact that the defendant exercised his or her constitutional right to a jury trial as a factor in sentencing the defendant. Thus, although evidence from the record of other, valid reasons for a sentence might aid an appellate court in determining whether the trial court improperly considered a defendant's decision to proceed to trial during sentencing, those other sentencing factors do not negate the abuse of discretion that occurs when one of the sentencing factors considered by the trial judge was the defendant's decision to proceed to trial. *See Davis*, *supra* (holding the trial judge abused his discretion by *considering* the fact that the defendant exercised his right to a jury trial in sentencing the defendant); *Hazel*, *supra* (same); *State v. Follin,* 352 S.C. 235, 257-58, 573 S.E.2d 812, 824 (Ct. App. 2002) ("We caution the Bench that a trial judge abuses his or her discretion in sentencing when the judge *considers* the fact that the defendant exercised the right to a jury trial.") (emphasis added); *see also State v. Brouwer*, 346 S.C. 375, 388, 550 S.E.2d 915, 922 (Ct. App. 2001) (remanding for a new sentencing hearing pursuant to *Hazel*, *supra*, stating, "Although the [trial judge] herein also stated it had never, and never would, 'punish someone for exercising their right to a jury trial,' we believe the mere disavowal of wrongful intent cannot remove the taint inherent in the [trial judge's] commentary, especially since the record fails to reflect an otherwise appropriate basis for Brouwer's disparate sentence."). Accordingly, regardless of the fact that the trial judge considered the overwhelming evidence presented against petitioner, as well as his his pending charges and immigration status, in sentencing petitioner, and, despite the fact that the trial judge stated he was not "punishing" petitioner for choosing to exercise his right to a jury trial, the trial judge unequivocally *considered* petitioner's decision to reject a plea offer and

proceed to trial as a factor in sentencing petitioner. This was improper.

Further, we find there is no evidence to support the PCR judge's finding that trial counsel articulated a "valid strategic reason" for failing to object to the trial judge's improper consideration of petitioner's decision to proceed to trial in sentencing petitioner. *See Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989) (stating that, in reviewing a PCR judge's decision, this Court is concerned only with whether there is any evidence of probative value to support that decision). Instead, counsel's testimony from the PCR hearing reveals no strategic discretion was employed by counsel on this matter at all. *See Foye v. State*, 335 S.C. 586, 518 S.E.2d 265 (1999) (counsel's performance did not constitute valid strategy where counsel did not even consider the question and thus failed to use discretion in employing an appropriate strategy).

## CONCLUSION

Because trial counsel was deficient in failing to object to the trial judge's improper consideration of petitioner's decision to exercise his right to jury trial in sentencing petitioner, and, had the objection been preserved for appeal, an appellate court would have held the trial judge abused his discretion, we hold the PCR judge erred in denying petitioner's application for PCR. Accordingly, we reverse the PCR judge's denial of relief and remand for resentencing.

**REVERSED AND REMANDED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN, and FEW, JJ., concur.**