**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Keith Moore, Appellant.

Appellate Case No. 2019-000454

Appeal From Abbeville County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2022-UP-097
Submitted February 1, 2022 – Filed March 9, 2022

**AFFIRMED**

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Brandon Keith Moore appeals his sentence of three years' imprisonment following his conviction for possession of methamphetamine. On

appeal, he argues the sentencing court erred by considering (1) his decision to proceed to trial and (2) his original charge of trafficking methamphetamine. We affirm.

1. We hold the sentencing court did not err because the sentence given was within statutory limits, and nothing in the record suggests the sentencing court considered Moore's decision to proceed to trial. First, Moore's sentence falls within the statutorily-prescribed sentencing limits. *See Garrett v. State*, 320 S.C. 353, 356, 465 S.E.2d 349, 350 (1995) (holding a sentencing court "is allowed broad discretion in sentencing within statutory limits"); *State v. Barton*, 325 S.C. 522, 531, 481 S.E.2d 439, 444 (Ct. App. 1997) ("Absent partiality, prejudice, oppression, or corrupt motive, this Court lacks jurisdiction to disturb a sentence that is within the limit prescribed by statute."); S.C. Code Ann. § 44-53-375(A) (2018) ("A person possessing less than one gram of methamphetamine or cocaine base, as defined in Section 44-53-110, is guilty of a misdemeanor and, upon conviction for a first offense, must be imprisoned not more than three years or fined not more than five thousand dollars, or both."). Second, we could find nothing in the record to suggest the sentencing court considered Moore's decision to proceed to trial in imposing its sentence. *See Castro v. State*, 417 S.C. 77, 83, 789 S.E.2d 44, 47 (2016) ("When a trial [court] considers the fact that the defendant exercised his or her constitutional right to a jury trial as a factor in sentencing the defendant, it is an abuse of discretion."); *cf. Davis v. State*, 336 S.C. 329, 333, 520 S.E.2d 801, 803 (1999); (holding the sentencing court improperly considered the petitioner's decision to proceed to a jury trial when it expressed its preference for guilty pleas and justified imposing a harsher sentence on the petitioner in comparison to similarly situated defendants by explaining the other defendants had pled guilty, whereas petitioner had not); *Castro*, 417 S.C. at 81, 83, 789 S.E.2d at 46-47 (finding the trial court improperly considered the defendant's decision to proceed to trial when it told the defendant he was "different" from his co-defendants because "they ha[d] cooperated and they ha[d] acknowledged . . . responsibility," and the defendant, in contrast, forced "the State . . . to take [him] to trial"); *State v. Hazel*, 317 S.C. 368, 369, 453 S.E.2d 879, 880 (1995) (holding the trial court abused its discretion by considering the fact that defendant exercised his right to a jury trial when it stated it would not consider sentencing the defendant under the Youthful Offender Act but would have done so "if he'd pled guilty"). Thus, we find the sentencing court did not err.

2. We hold the sentencing court did not err because no evidence in the record suggests the sentencing court improperly considered Moore's original charge of trafficking methamphetamine. As discussed above, Moore's sentence fell within

statutory limits for possession of methamphetamine.  *See Garrett*, 320 S.C. at 356, 465 S.E.2d at 350 (finding a sentencing court "is allowed broad discretion in sentencing within statutory limits").  Further, nothing in the record suggests the sentencing court improperly considered Moore's original charge of trafficking methamphetamine in imposing its sentence.  *See Barton*, 325 S.C. at 531, 481 S.E.2d at 444 ("Absent partiality, prejudice, oppression, or corrupt motive, this Court lacks jurisdiction to disturb a sentence that is within the limit prescribed by statute.").  Therefore, we find the sentencing court did not err.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.