19315

Jesse Lee WOOD, Jr., Appellant, v. The STATE of South Carolina and The County of Barnwell, Respondents.

(184 S. E. (2d) 702)

*F. Mikell Harper, Esq.,* of *Harper and Harper,* Williston, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty Gen., Emmet H. Clair, and John P. Wilson, Asst. Attys. Gen.* of Columbia, *for Respondents,* cite:

November 9, 1971.

BUSSEY, Justice:

At the May 1969 term of the Court of General Sessions for Barnwell County the appellant pled guilty to two counts charging telephonic communications in violation of Sec. 16-552.1 of the 1962 Code of Laws, and was sentenced to five years on each count, the sentences, however, to run concurrently. Thereafter, on September 16, 1970, without the assistance of counsel, appellant filed an application for post-conviction relief which was denied without a hearing by an order dated September 29, 1970, from which he appeals. He was represented at the time of his plea by counsel and the lower court appointed the same counsel to perfect this appeal.

Appellant's application for relief was predicated in large measure on the fact that he was unaware of the 1967 amendment to Code Sec. 16-552.1, particularly with respect to the penalty for the violation thereof,

and was under the erroneous impression that this sentence exceeded that authorized by the statute. Such contention is not pursued on appeal, it being contended instead that the sentence constituted cruel and unusual punishment within the meaning of Article I, Sec. 19 of the South Carolina Constitution and the Eighth and Fourteenth Amendments to the Constitution of the United States. Such contention might well be disposed of on the ground that such issue was neither raised nor passed upon below. Waiving such, however, there is no merit in the contention. The charge of unconstitutionality is addressed only to the sentence, not to the statute under which the same was imposed. It is well settled in this State that this Court has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute unless: (a) the statute itself violates the constitutional injunction, Article I, Sec. 19, against cruel and unusual punishment, or (b) the sentence is the result of partiality, prejudice or pressure or corrupt motive. *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591, and cases therein cited.

It is next contended that the lower court erred in failing to appoint counsel in appellant's behalf upon receipt of his application for post-conviction relief. There is no constitutional obligation on the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief. *Johnson v. Avery,* 393 U. S. 483, 89 S. Ct. 747, 21 L. Ed. (2d) 718 (1969). Nor is there anything in the Uniform Post-Conviction Procedure Act or the rules adopted thereunder requiring appointment of counsel in such instances. Of course, "After return is made by the State, if the application presents questions of law or issues of fact requiring a hearing, the court shall appoint counsel promptly to assist the applicant if he is an indigent person." No. 5 of Rules for Post-Conviction Procedure.

Lastly, appellant asserts that the court erred in dismissing his application without a hearing. He, however, points to no authority for this contention and

points to no question of law or issue of fact raised by the application which would require a hearing.

Sec. 17-606(b), Code of Laws of South Carolina 1962 (as amended) reads as follows:

"(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact."

The order of the lower court dismissing the application pointed out wherein it did not allege sufficient facts or grounds to warrant a hearing or relief, and recited that the application was being dismissed, pursuant to the foregoing Code section, "as being without any genuine issue of material fact or law which would warrant a hearing or the relief requested." In further compliance with the Code section, appellant was granted fifteen days from the date of the order in which to reply and show cause why the order should not become a final judgment. There was no reply and the applicant here demonstrates no error in the disposition of his application without a hearing.

All exceptions of the appellant are without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.