### 21088

Gordon Newell CUMMINGS, Jr., Respondent, v. The STATE of South Carolina, William D. Leeke, Department of Corrections, Appellants.

(260 S. E. (2d) 187)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen., Emmet H. Clair* and *Staff Atty. Corinne G. Russell,* Columbia, *for appellants.*

*T. Allen Legare, Jr.,* Charleston, *for respondent.*

November 15, 1979.

*Per Curiam:*

Respondent plead guilty to two (2) counts of possession with intent to distribute unlawful drugs arising from two (2) separate indictments. He was sentenced to four (4) years imprisonment on each indictment, the sentences to run consecutively. He did not appeal but subsequently filed an application for Post-Conviction Relief alleging that his sentence was cruel and unusual punishment. Following a hearing, the lower court agreed and rescinded the sentence as to one (1) indictment. The State appeals.

We have held on numerous occasions that the failure to object to proceedings below waives the presentation of those issues on appeal. *Miller v. State,* 269 S. C. 113, 236 S. E. (2d) 422 (1977); 7A West's S. C. Digest, *Criminal Law,* Key 1042. An application for Post-Conviction Relief is not a substitute for an appeal and errors which could have been reviewed on appeal may not be asserted for the first time, or reasserted in Post-Conviction proceedings. S. C. Code of Laws (1976), Section 17-27-

20(b); *Simmons v. State*, 264 S. C. 417, 215 S. E. (2d) 883 (1975).

At trial, respondent failed to object to the imposition of the sentence and, therefore, waived the right to have that sentence reviewed on direct appeal, or to raise such issue on Post-Conviction absent an allegation of ineffective assistance of counsel.

Additionally, in the lower court, respondent argued that remarks by the trial judge prior to sentencing evidenced prejudice and resulted in the imposition of an excessive sentence. It is sufficient to note that the sentences imposed were within the statutory limitations and there were no facts supporting an allegation of prejudice against the respondent.

Accordingly, the order of the lower court is reversed and the original sentence reinstated.