21708

Wade June STEPNEY, Respondent, v. STATE of South Carolina, Appellant.
(292 S. E. (2d) 41)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for appellant.*

*Appellate Defender John L. Sweeny,* of *S. C. Com'n of Appellate Defense,* Columbia, *for respondent.*

May 24, 1982.

*Per Curiam:*

The respondent was convicted of receiving stolen goods and given a five-year prison sentence suspended upon two years' probation. While on probation, he pleaded guilty to temporary use of a vehicle without permission and was sentenced to nine months. Because of the offense, an arrest warrant was issued charging him with a probation violation. His probationary sentence was revoked after a hearing.

The respondent then applied for post-conviction relief, alleging his revocation hearing violated due process requirements. The judge granted relief and ordered a new hearing. The State appeals.

Errors in the probation revocation hearing should have been raised by the probationer on direct appeal. *State v. Shumate,* 276 S. C. 46, 275 S. E. (2d) 288 (1981). Alleged errors which may be reviewed on direct appeal may not be asserted for the first time in post-conviction proceedings. *Cummings v. State,* 274 S. C. 26, 260 S. E. (2d) 187 (1979).

We conclude the matter was not properly before the post conviction hearing judge. Therefore we reverse the grant of post-conviction relief and reinstate the sentence.