■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORVELL ROLLING, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Lakritz, J.), imposed November 7, 1990, upon his conviction of criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and petit larceny, after a nonjury trial, the sentence being a definite term of one year imprisonment on each count, to be served consecutively.

Ordered that the sentence is modified, on the law, by reducing the sentence on each count to a definite term of six months imprisonment, and providing that the terms of imprisonment for criminal possession of stolen property in the fifth degree and petit larceny are to run concurrently with each

other and consecutively to the term of imprisonment imposed for criminal possession of a weapon in the fourth degree; as so modified, the sentence is affirmed.

The defendant contends, and the People concede, that the court erred in imposing one year terms of imprisonment in connection with the class A misdemeanors of which he was convicted. Although at the time sentence was imposed, Penal Law § 70.15 authorized the imposition of a one year definite sentence, the law as it existed when the defendant committed the crimes provided for a maximum sentence of six months imprisonment (see, Donnino, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.15, 1991 Pocket Part, at 47; see also, L 1990, ch 305 § 7; L 1984, ch 673). It is well settled that the ex post facto clause of the United States Constitution extends, inter alia, to any statute which makes the punishment for a crime more burdensome after its commission (see, e.g., People v Hudy, 73 NY2d 40, 48-49). In light of the foregoing, the maximum permissible sentence which could have been imposed was the six month term of imprisonment prescribed by the statute as it existed when the crimes in question were committed.

Further, and as the People also concede, the court impermissibly imposed consecutive terms of imprisonment on the petit larceny and criminal possession of stolen property counts, since, under the circumstances presented, the foregoing crimes were perpetrated through the commission of a "single act" (CPL 70.25 [2]; People v Sturkey, 77 NY2d 979, 980-981; cf., People v Day, 73 NY2d 208; People v Kirkwood, 165 AD2d 881; People v Johnson, 149 AD2d 910). Mangano, P. J., Kooper, Sullivan, Rosenblatt and Copertino, JJ., concur.