◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GADSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 6, 1991, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to an indeter-

minate term of imprisonment of seven and one-half to 15 years on the assault count to run concurrently to a determinate term of one year imprisonment on the criminal possession of a weapon count.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of criminal possession of a weapon in the fourth degree from one year imprisonment to six months imprisonment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction of assault in the first degree is not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, upon viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Allen, 165 AD2d 786). The evidence presented at trial established that the defendant slashed the victim's face with a razor, leaving the victim with a permanent three-inch scar on the right side of her face from the right temple to the base of her chin (see, Penal Law § 120.10 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We find that the sentence imposed on the conviction of assault in the first degree was neither unduly harsh nor excessive (see, People v Suitte, 90 AD2d 80). However, as conceded by the People, the sentence imposed on the conviction of criminal possession of a weapon in the fourth degree must be reduced to six months (see, People v Rolling, 176 AD2d 973). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.