### 24356

Jason P. GARRETT, Respondent v. STATE of South Carolina, Petitioner.

(465 S.E. (2d) 349)

Supreme Court

*Attorney General T. Travis Medlock, Deputy Attorney General J. Emory Smith, Jr., Assistant Attorney General Teresa Nesbitt Crosby,* and *Staff Attorney David K. Avant,* Columbia, *for petitioner.*

*Symmes Culbertson,* Greenville, *for respondent.*

Submitted Sept. 21, 1995.

Decided Dec. 11, 1995; Reh. Den. Jan. 12, 1996.

*Per Curiam:*

Petitioner seeks a writ of certiorari from the order granting respondent habeas and postconviction relief (PCR).

Jason Garrett (Respondent) pled guilty to perjury with advice of counsel and was sentenced to seven years imprisonment. His direct appeal was dismissed due to failure to comply with appellate court rules. Respondent filed two applications for PCR, which the trial court merged into one. Respondent later filed a petition for a writ of habeas corpus and a hearing was held. At the hearing, Judge McGowan with the consent of the attorneys treated the habeas corpus matter as a PCR action. The judge found respondent had served his time in full since the maximum sentence under S.C. Code Ann. § 16-9-10 (1985) was six months. Judge McGowan granted respondent's habeas petition and ordered his immediate release from confinement. The State petitioned for rehearing and the trial judge issued an order reaffirming his order granting habeas relief. We granted the State's petition for a writ of certiorari.

Respondent was charged with committing perjury in a hearing before the master-in-equity concerning his 1990 income. At his guilty plea hearing, the judge told respondent that the maximum punishment was a fine of $100 and six months' imprisonment. The solicitor informed the court that respondent could receive seven years' imprisonment under S.C. Code Ann. § 16-9-40 (1985).[1] The judge then told respondent the maximum possible sentence was seven years. Respondent stated that he still wanted to plead guilty.

At the conclusion of the hearing, respondent was sentenced to the maximum of seven years. Respondent asked to withdraw his plea, but the judge refused to allow him to do so. At the PCR/habeas hearing respondent's counsel argued respondent's sentence was excessive because there was no reference in the indictment to § 16-9-40; thus, the maximum sentence should have been six months. The court ruled that the maximum sentence under which respondent was indicted was six months and since respondent had served time in full he should be released immediately.

Petitioner asserts the trial judge erred by finding the ■■ sentence was excessive pursuant to the indictment.

S.C. Code Ann. § 17-19-60 (1985) provides that in "any indictment for perjury it shall not be necessary to set forth more than the substance of the oath and the fact concerning

[1] § 16-9-40 was repealed effective January 1, 1994.

which the perjury is alleged to have been committed." The body of the indictment gave the substance of the alleged perjury without mentioning the code section violated. An indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce and the defendant to know what he is called upon to answer. *State v. Wade*, 306 S.C. 79, 409 S.E. (2d) 780 (1991).

A judge is allowed broad discretion in sentencing within statutory limits. *State v. Sidell*, 262 S.C. 397, 205 S.E. (2d) 2 (1974). A sentence is not excessive if it is within statutory limitations and there are no facts supporting an allegation of prejudice against respondent. *Cummings v. State*, 274 S.C. 26, 260 S.E. (2d) 187 (1979). "It is well settled in this State that this Court has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute unless: (a) the statute itself violates the constitutional injunction, Article I, Sec. 19, against cruel and unusual punishment, or (b) the sentence is the result of partiality, prejudice or pressure or corrupt motive." *Wood v. State*, 257 S.C. 179, 184 S.E. (2d) 702 (1971). While the sentence of seven years was the maximum, it was within the limits permitted by law. Further, respondent does not assert either a constitutional violation or that the sentencing judge acted with partiality, prejudice or pressure. Accordingly, we reverse the order and reinstate respondent's original sentence.

Reversed.