481 S.E.2d 712

**Darrell S. BROOKS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 24578.**

Supreme Court of South Carolina.

Submitted Dec. 5, 1996.

Decided Feb. 18, 1997.

---

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby, and Assistant Attorney General Allen Bullard, Columbia, for petitioner.

Assistant Appellate Defender Lisa Gregory, of S.C. Office of Appellate Defense, Columbia, for respondent.

BURNETT, Justice:

Respondent pled guilty to second degree burglary, grand larceny, and financial transaction card fraud and was sentenced, respectively, to two ten year prison terms and a one year prison term. He filed an application for post-conviction relief (PCR). The PCR judge granted PCR, finding respondent's plea was involuntary because the trial judge did not sentence him to seven years' imprisonment in accordance with the terms of his negotiated plea. The Court granted certiorari to review the decision of the PCR judge. We reverse.

## ISSUE

Was respondent's guilty plea rendered involuntary because the trial judge failed to sentence him in accordance with the terms of his negotiated plea?

## FACTS

While on probation, respondent pled guilty to the above charges. The trial judge informed respondent he could receive a one year sentence for financial transaction card fraud, a fifteen year sentence for second degree burglary, and a ten year sentence for grand larceny, for a total of 26 years' imprisonment. Respondent's counsel informed the trial judge the solicitor's office had agreed to a seven year sentence. As noted above, the trial judge sentenced respondent to ten years' imprisonment.

At the PCR hearing, respondent testified he spoke with counsel before his plea and "we was going to try for ten years but five years would be served and five years on probation." He stated he did not have any understanding in regard to a seven year sentence. Respondent admitted he did not want to go to trial, but wanted to plead guilty and receive a shorter sentence.

Counsel testified he explained the charges, defenses, and sentence exposure to respondent, and respondent appeared to understand. Counsel stated from almost the beginning respondent indicated he wanted to plead guilty; respondent never indicated he wanted a jury trial.

Counsel testified he negotiated a plea with the State and the State agreed to allow respondent to serve the remaining seven years on his prior conviction and run the current sentences concurrently. Counsel testified he believed he advised respondent of the plea agreement and respondent understood. He further stated he believed respondent entered his plea based on the negotiated seven year sentence. Counsel explained he did not hear from respondent after the guilty plea.

## DISCUSSION

A trial judge is allowed broad discretion in sentencing within statutory limits. *Garrett v. State*, 320 S.C. 353, 465

S.E.2d 349 (1995); *State v. Sidell,* 262 S.C. 397, 205 S.E.2d 2 (1974). A sentence is not excessive if it is within statutory limitations and there are no facts supporting an allegation of prejudice against a defendant. *Garrett, supra.* A court is not required to accept a plea agreement reached by the State and the defendant. *State v. Rosier,* 312 S.C. 145, 439 S.E.2d 307 (Ct.App.1993).

■ There is no evidence respondent's guilty plea was entered unknowingly or involuntarily simply because the trial judge did not sentence him in accordance with the terms of the plea agreement.[1] The record indicates the trial judge sentenced respondent within the statutory limits after first informing him he could receive a 26 year sentence. The trial judge was not bound to accept the negotiated sentence reached by the State and respondent. *Id.* Moreover, respondent's own testimony indicates he was unaware of the negotiated sentence. Accordingly, there is no probative evidence to support the PCR judge's findings and, consequently, the findings should not be upheld. *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996).

**REVERSED.**

FINNEY, C.J. and TOAL, MOORE and WALLER, JJ., concur.

---

1. Respondent did not allege his plea was unintelligently entered because he did not understand the terms of the negotiated plea or the potential sentence. Further, the PCR judge made no finding as to whether counsel was ineffective for not moving to have the plea withdrawn.