628 S.E.2d 295

**In the Interest of TERRENCE M., a Juvenile under the age of Seventeen, Respondent.**

**No. 4097.**

Court of Appeals of South Carolina.

Heard March 8, 2006.

Decided March 16, 2006.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, Office of the Attorney General, all of

Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Appellant.

Assistant Appellate Defender Eleanor Duffy Cleary, Office of Appellate Defense, of Columbia, for Respondent.

HEARN, C.J.:

The State of South Carolina appeals from a family court order in which the court found it did not have jurisdiction to order a juvenile to pay restitution because the juvenile was no longer on probation. The State argues the family court erred in concluding the juvenile's probation ended when he was committed for an entirely separate crime. We reverse and remand for a *de novo* hearing.

## FACTS

On November 21, 2002, Terrence M. was adjudicated delinquent for possession of a stolen motor vehicle, failure to stop for a blue light, and probation violation. Prior to making a final disposition, the family court sent Terrence to the Coastal Evaluation Center. After Terrence was evaluated, the family court sentenced him to be committed to the Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday, suspended upon alternative placement and probation for an indefinite period. The family court reserved the issue of restitution at that time.[1]

At some point thereafter, the State informed Terrence of the amount the victim sought in restitution. Terrence never agreed to the amount, and no restitution hearing was set.

In 2004, Terrence was charged with possession of crack and disturbing schools. The possession of crack charge was dismissed without prosecution, and Terrence admitted to disturbing schools. He also admitted he was in contempt of court for failing to comply with his home detention agreement. Terrence was adjudicated delinquent and ultimately committed to the Department of Juvenile Justice (DJJ) for an indeterminate period not to exceed his twenty-first birthday. In the commitment order, the family court also directed the solicitor's office

---

1. Restitution was sought because of damage to the stolen car.

to schedule a restitution hearing to determine restitution owed on the 2002 possession of a stolen motor vehicle charge.

On January 20, 2005, a restitution hearing was finally held. By this time, Terrence had been released from DJJ, was no longer on parole for his 2004 adjudication, and was incarcerated as an adult. Prior to the restitution hearing, Terrence argued the family court lacked jurisdiction to order restitution because he was no longer on probation. The family court initially disagreed, held the restitution hearing, and ordered Terrence to pay $1,184.62 in restitution.[2] Terrence simultaneously filed a notice of appeal and made a motion for reconsideration, reiterating his argument regarding jurisdiction. Ultimately, the family court agreed, finding that because Terrence was no longer on probation, it did not have jurisdiction to order restitution. This appeal followed.

## LAW/ANALYSIS

Both parties agree there is no statutory authority for the family court to impose restitution except as a condition of probation. See S.C.Code Ann. § 20–7–7805(A)(3) (Supp.2005) ("[T]he court may impose monetary restitution ... as a condition of probation."). However, the State argues Terrence's 2002 probationary sentence for an "indefinite period" had not terminated at the time of the restitution hearing. We agree.

The family court has the authority to place a child on probation for a period of time not to exceed the child's eighteenth birthday. S.C.Code Ann. § 20–7–7805(A)(3) (Supp. 2005). "A child placed on probation by the court remains under the authority of the court only until the expiration of the specified term of the child's probation." Id.

In 2002, Terrence was placed on probation for an indefinite period. Two years after being placed on probation, Terrence

2. After ordering restitution, there was some confusion regarding which agency would be responsible for monitoring the case. A representative from DJJ stated that Terrence's probation ended once he was committed, and since then, his parole had ended from the crime for which he was committed. According to the representative, DJJ had no jurisdiction over Terrence because he was no longer on probation or parole. To circumvent that problem, the court ordered the solicitor's office to track Terrence's restitution payments, and in the event Terrence failed to pay, the solicitor's office could file a contempt of court charge.

was committed to DJJ on new charges. Although we recognize the practical difficulty Terrence's probation officer would have had supervising Terrence during his commitment, we cannot ignore the lack of a family court order revoking Terrence's probation. Because Terrence's probation was never revoked and Terrence has not yet attained the age of eighteen, the language of section 20–7–7805(A)(3) constrains us to find his sentence of indefinite probation continued even after being committed to DJJ. Thus, the family court had jurisdiction to order restitution on January 20, 2005. Accordingly, the order of the family court rescinding its previous order of restitution is reversed. In fairness to Terrence, who never had the opportunity to appeal from the family court's initial order setting the amount of restitution, we decline to reinstate that order and instead remand this case for a *de novo* restitution hearing.

**REVERSED and REMANDED.**

ANDERSON and KITTREDGE, JJ., concur.