THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Interest of V. F., a
 Minor Under the Age of Seventeen, Appellant.
 
 
 

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2009-UP-365
Submitted June 1, 2009  Filed June 25, 2009

AFFIRMED

 
 
 
 Deputy
 Chief Appellate Defender for Capital Appeals Robert M. Dudek, of Columbia, for
 Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General
 Julie M. Thames, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston,
 for Respondent.
 
 
 

PER
 CURIAM:  V. F. appeals the family
 court's decision to order him to pay $611.17 in restitution following his
 convictions of two counts of harassment and one count of trespassing after
 notice.  V. F. argues restitution was improper and did far more than restore
 the victim because it paid for a security system.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Brooks
 v. State, 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997) ("A trial
 judge is allowed broad discretion in sentencing within statutory limits."); State v. Gulledge, 326 S.C. 220, 228, 487 S.E.2d 590, 594 (1997) ("[T]he
 restitution hearing is part of the sentencing proceeding."); S.C. Code Ann.
 § 17-25-322(B) (2003) (stating the trial court can consider "any burden or
 hardship upon the victim as a direct or indirect result of the defendant's
 criminal acts" when determining appropriate restitution).
AFFIRMED. [1]
HEARN, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.