THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Clift Grant,
 III, Appellant.
 
 
 
 
 

Appeal From Berkeley County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No.  2010-UP-401
 Submitted September 1, 2010 Filed
September 14, 2010  

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of
 Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Clift
 Grant, III appeals his sentence for voluntary manslaughter, arguing the trial
 court abused its discretion in denying his motion for reconsideration.  We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: State
 v. Smith, 276 S.C. 494, 498, 280
 S.E.2d 200, 202 (1981) (holding the trial court's ruling on a motion for
 reconsideration will not be disturbed on appeal absent an abuse of
 discretion);  State v. Follin, 352 S.C. 235, 257, 573 S.E.2d 812, 824
 (Ct. App. 2002) ("[W]hen the record clearly reflects an appropriate basis
 for a disparate sentence, the sentencing judge may impose a different sentence
 on a co-defendant in a criminal trial."); Brooks v. State, 325 S.C.
 269, 271-72, 481 S.E.2d 712, 713 (1997) ("A trial judge is allowed broad
 discretion in sentencing within statutory limits. A sentence is not excessive
 if it is within statutory limitations and there are no facts supporting an
 allegation of prejudice against a defendant." (citations omitted)); S.C.
 Code Ann. § 16-3-50 (2003) ("A person convicted of manslaughter, or the
 unlawful killing of another without malice, express or implied, must be
 imprisoned not more than thirty years or less than two years.").    

AFFIRMED.[1]
FEW, C.J., HUFF and
 GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.