THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Decoven
 Fletcher Seabrook, Appellant.
 
 
 
 
 

Appeal From Charleston County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No.   2010-UP-537 
 Submitted December 1, 2010  Filed
December 16, 2010

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia;
 and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Decoven Fletcher Seabrook appeals his conviction of armed robbery, arguing the trial court
 erred in considering his decision to exercise his right to a jury trial in
 sentencing and in denying his motion for a continuance.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1. As to whether the trial court erred in sentencing: Brooks v. State, 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997) ("A trial judge is
 allowed broad discretion in sentencing within the statutory limits."); State
 v. Conally, 227 S.C. 507, 510, 88 S.E.2d 591, 592 (1955) (holding an
 appellate court "has no jurisdiction to disturb, because of alleged
 excessiveness, a sentence which is within the limits prescribed by statute,
 unless: (a) the statute itself violates the constitutional injunction . . .
 against cruel and unusual punishment, or (b) the sentence is the result of
 partiality, prejudice, oppression, or corrupt motive."). 
2. As
 to whether the trial court erred in denying
 Seabrook's motion for a continuance: State v. Colden, 372 S.C.
 428, 435, 641 S.E.2d 912, 916 (Ct. App. 2007) (finding "[t]he granting of
 a motion for a continuance is within the sound discretion of the trial court
 and will not be disturbed [on appeal] absent a clear showing of an abuse of
 discretion"); id. at 435, 641 S.E.2d at 917 (finding "[a]n
 abuse of discretion occurs when the conclusions of the trial court either lack
 evidentiary support or are controlled by an error of law").  
AFFIRMED.
FEW, C.J., and
 SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.