THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Johnnie W.
 Walker, Appellant.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-455
Submitted October 1, 2011  Filed October
 11, 2011   

AFFIRMED

 
 
 
Appellate Defender Tricia A. Blanchette,
 of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General William M. Blitch, Jr., all of
 Columbia; and Solicitor J. Strom Thurmond, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM:  Johnnie
 W. Walker appeals his sentence for kidnapping, arguing the circuit court abused
 its discretion in denying his motion for reconsideration.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Smith,
 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) (holding the circuit
 court's ruling on a motion for reconsideration will not be disturbed on appeal
 absent an abuse of discretion);  State v. Follin, 352 S.C. 235, 257, 573
 S.E.2d 812, 824 (Ct. App. 2002) ("[W]hen the record clearly reflects an
 appropriate basis for a disparate sentence, the [circuit court] may impose a
 different sentence on a co-defendant in a criminal trial."); Brooks v.
 State, 325 S.C. 269, 271-72, 481 S.E.2d 712, 713 (1997) ("A [circuit
 court] is allowed broad discretion in sentencing within statutory limits. A
 sentence is not excessive if it is within statutory limitations and there are
 no facts supporting an allegation of prejudice against a defendant."
 (citations omitted)); S.C. Code Ann. § 16-3-910 (2003) ("Whoever shall
 unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any
 other person by any means whatsoever without authority of law . . . is guilty
 of a felony and, upon conviction, must be imprisoned for a period not to exceed
 thirty years . . . .").
 AFFIRMED.
 SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.