THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In The Interest
 of Zakei H., A Juvenile Under The Age of Seventeen, Appellant.
 
 
 

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

Unpublished Opinion No. 2011-UP-580
Submitted December 1, 2011  Filed
 December 20, 2011   

AFFIRMED

 
 
 
Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Zakei H. appeals the family court's
 order imposing restitution in the amount of $587.00 as a condition of his
 probation resulting from his delinquency adjudication arising from his
 admission of possession of stolen property.  Zakei H. was arrested and
 ultimately adjudicated delinquent after being found in possession of a damaged
 moped that had been stolen the previous day.  Zakei H. argues the family court
 erred in (1) imposing restitution as a condition of his probation, (2)
 admitting a repair estimate submitted by the victim for his damaged moped, and
 (3) ordering restitution in the amount of $587.00.  We affirm[1] pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to whether the family court
 erred in imposing restitution as a condition of Zakei H.'s probation based upon
 his conviction of possession of stolen property:  S.C. Code Ann. § 20-7-7805(A)(3) (current version at S.C. Code Ann. § 63-19-1410(A)(3) (2010)) (providing for the imposition of
 restitution as a condition of probation in juvenile delinquency cases); In re Terrence M., 368 S.C. 276, 277, 628 S.E.2d 295, 296 (Ct. App. 2006) (imposing
 restitution as a condition of probation in a possession of stolen property case
 involving a juvenile).
2.  As to whether the family court erred in
 admitting a repair estimate proffered by the victim substantiating the amount
 of damage done to the stolen moped:  State v. Gulledge, 326 S.C. 220,
 228, 487 S.E.2d 590, 594 (1997) (stating that in determining the appropriate
 amount of restitution, evidentiary rules do not apply, and the "court may
 conduct an inquiry broad in scope, largely unlimited either as to the kind of
 information it may consider or the source from which the information may come,
 to assist it in determining the amount of restitution to be imposed"); id. at 229, 487 S.E.2d at 594 (noting that although evidentiary rules do not apply
 to sentencing hearings, "the admissibility of evidence is limited by
 constitutional provisions which require the evidence to be relevant, reliable
 and trustworthy"); Rule 1101(d)(3), SCRE (stating the rules of evidence do
 not apply to "dispositional hearings in juvenile delinquency
 matters").  
3.  As to whether the family court erred in
 ordering restitution in the amount of $587.00:  Gulledge, 326 S.C. at
 228, 487 S.E.2d at 594 ("The restitution hearing is part of the sentencing
 proceeding.");  Brooks v. State, 325 S.C. 269, 271, 481 S.E.2d 712,
 713 (1997) ("A [sentencing court] is allowed broad discretion in
 sentencing within statutory limits.");  In re M.B.H., 387 S.C. 323,
 326, 692 S.E.2d 541, 542 (2010) ("A sentence will not be overturned absent
 an abuse of discretion when the ruling is based on an error of law or a factual
 conclusion without evidentiary support."); S.C. Code Ann. § 20-7-7805(A)(3)
 (current version at S.C. Code Ann. § 63-19-1410(A)(3) (2010)) (requiring the
 family court when "considering the appropriate amount of monetary
 restitution to be ordered" to "establish the monetary loss suffered
 by the victim and then weigh and consider this amount against the number of
 individuals involved in causing the monetary loss, the child's particular role
 in causing this loss, and the child's ability to pay the amount over a
 reasonable period of time").  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.