**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles Davenport, Appellant.

Appellate Case No. 2020-000631

———————

Appeal From Richland County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-090
Submitted January 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Elizabeth Anne Franklin-Best, of Elizabeth
Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Attorney General Mark Reynolds Farthing, and
Solicitor Byron E. Gipson, all of Columbia, for
Respondent.

———————

**PER CURIAM:** Charles Davenport, appeals his sentence of twenty-five years' imprisonment, suspended upon the service of twenty years' imprisonment, for felony driving under the influence (DUI) resulting in death. On appeal, he argues

(1) the trial court abused its discretion by rendering a sentence that was excessive in light of the significant mitigation evidence offered to justify a lesser sentence, and (2) South Carolina law does not give adequate notice to criminal defendants of the factors considered when imposing a sentence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in sentencing Davenport because it imposed a sentence within the statutory range and Davenport failed to show the sentence resulted from "partiality, prejudice, oppression, or corrupt motive." *See Brooks v. State*, 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997) ("A trial [court] is allowed broad discretion in sentencing within statutory limits."); *State v. Conally*, 227 S.C. 507, 510, 88 S.E.2d 591, 593 (1955) (holding an appellate court "has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute, unless: (a) the statute [is unconstitutional], or (b) the sentence is the result of partiality, prejudice, oppression, or corrupt motive"); S.C. Code Ann. § 56-5-2945(A)(2) (2018) (providing the trial court must sentence a person convicted of felony DUI resulting in death to not less than one year nor more than twenty-five years' imprisonment, as well as impose a fine of not less than $10,100 nor more than $25,100).

2. We hold Davenport's argument that South Carolina's sentencing structure resulted in a denial of due process is not preserved for appellate review because he did not raise it to the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (providing that if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal); *id*. at 142, 587 S.E.2d at 694 ("[I]t must be clear that the argument has been presented [to the trial court] on that ground."); *State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.