**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Solomon Tadesse Yemame, Appellant.

Appellate Case No. 2022-000624

———————

Appeal From Richland County
Brooks P. Goldsmith, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-035
Submitted January 1, 2024 – Filed January 31, 2024

———————

**AFFIRMED**

———————

S. Jahue Moore and Lester McGill Bell, Jr., both of
Moore Bradley Myers Law Firm, of West Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Attorney General Mark Reynolds Farthing, and
Solicitor Byron E. Gipson, all of Columbia, for
Respondent.

———————

**PER CURIAM:** Solomon Tadesse Yemame appeals his sentence of eight years'
imprisonment for first-degree assault and battery. On appeal, he argues (1) the

plea court abused its discretion in refusing to award credit for his time served during both monitored and unmonitored house arrest, and (2) the plea court imposed a grossly disproportionate sentence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the plea court did not abuse its discretion in refusing to credit Yemame with any time served on house arrest because the relevant statute allows, but does not require, a court to award credit for time served on monitored house arrest and does not contemplate awarding credit for time served on unmonitored house arrest. *See State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) ("A [plea court] generally has wide discretion in determining what sentence to impose."); *State v. Pogue*, 430 S.C. 384, 386, 844 S.E.2d 397, 398 (Ct. App. 2020) ("A sentence will not be overturned absent an abuse of discretion . . . ."); S.C. Code Ann. § 24-13-40 (2007 & Supp. 2023) ("In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing, and may be given for any time spent under monitored house arrest.").

2. We hold the plea court did not abuse its discretion in sentencing Yemame because it imposed a sentence within the statutory range and Yemame failed to show the sentence resulted from "partiality, prejudice, oppression, or corrupt motive." *See Brooks v. State*, 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997) ("A [plea court] is allowed broad discretion in sentencing within statutory limits."); *State v. Conally*, 227 S.C. 507, 510, 88 S.E.2d 591, 593 (1955) (holding an appellate court "has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute, unless: (a) the statute [is unconstitutional], or (b) the sentence is the result of partiality, prejudice, oppression, or corrupt motive"); S.C. Code Ann. § 16-3-600(C) (2) (2015) (providing for a maximum sentence of ten years' imprisonment for first-degree assault and battery).

Additionally, we hold the sentence was not grossly disproportionate because (1) the gravity of the offense was severe, compared to the eight-year sentence, (2) other people charged with the same offense in our state have received comparable sentences, and (3) other people charged with the same offense in other jurisdictions have also received comparable offenses. *See State v. Harrison*, 402 S.C. 288, 299-300, 741 S.E.2d 727, 733 (2013) ("[I]n analyzing proportionality . . . courts shall first determine whether a comparison between the sentence and the crime committed gives rise to an inference of gross disproportionality. If no such inference is present, the analysis ends."); *State v. Jones*, 344 S.C. 48, 56, 543

S.E.2d 541, 545 (2001) ("[T]his Court reviews three factors in assessing proportionality: (1) the gravity of the offense compared to the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences for the same crime in other jurisdictions."); *State v. Shands*, 424 S.C. 106, 116, 817 S.E.2d 524, 529 (Ct. App. 2018) (affirming a trial court's sentence of ten-years' imprisonment for first-degree assault and battery); *People v. Gadson*, 593 N.Y.S.2d 875, 876 (N.Y. App. Div. 1993) (holding an indeterminate term of imprisonment of 7.5 to fifteen years for "assault in the first degree was neither unduly harsh nor excessive"); *Dixon v. State*, 772 A.2d 283, 292, 300 (Md. 2001) (holding a ten-year sentence for first-degree assault in which a person "intentionally cause[s] or attempt[s] to cause serious physical injury to another" is lawful).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.