**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shiquan Tyon Cwiklinski, Petitioner,

v.

The State, Respondent.

Appellate Case No. 2019-002075

---

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-295
Submitted May 1, 2024 – Filed August 14, 2024

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** In this appeal from the denial of Petitioner's application for post-conviction relief (PCR), this court granted certiorari to review the PCR court's

finding that Petitioner did not prove his counsel was ineffective for failing to file a motion to reconsider his sentence following his guilty plea. We affirm.[1]

**FACTS AND PROCEDURAL HISTORY**

In July 2013, a Richland County grand jury indicted Petitioner for two counts of attempted murder and one count of possession of a weapon during the commission of a violent crime. In October 2015, Petitioner pled guilty to the lesser-included offense of assault and battery of a high and aggravated nature (ABHAN) and the weapon charge.

During Petitioner's plea hearing, Petitioner confirmed he understood that, by pleading guilty, he was giving up certain constitutional rights. The State then summarized the facts of the case. It stated that in the early morning of February 23, 2013, a security video showed Petitioner in Five Points shooting in the direction of two individuals, one of whom was an acquaintance of Petitioner. Law enforcement arrested Petitioner the next day. The State played the security video for the plea court. The plea court informed Petitioner he was facing a combined sentence of up to forty-five years for the three charges. Petitioner confirmed he understood, agreed with the facts as summarized by the State, and stated he wished to plead guilty. The plea court accepted Petitioner's guilty plea.

Plea counsel offered mitigating evidence for Petitioner, including information about his family history, his mental health and educational background, his alcohol consumption in the past and on the night of the incident, a statement from one of the victims that the victim supported Petitioner and believed his actions were out of character, and twenty letters supporting Petitioner and requesting leniency. The plea court paused the proceeding to read the letters in support of Petitioner before sentencing him. The plea court found Petitioner's actions regarding the shooting to be "stupid[,] incredibly dangerous," "surreal," and "scary." The plea court stated it believed "in justice tempered with mercy" and that "the mercy [Petitioner] received [was] not facing attempted murder charges and that the State did reduce these charges to [ABHAN]." It sentenced Petitioner to concurrent sentences of twenty years' imprisonment for each count of ABHAN and five years' imprisonment for possession of a weapon during the commission of a violent crime. Petitioner filed a direct appeal, which this court dismissed for failure to provide a sufficient

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

explanation of the issue to be reviewed on appeal pursuant to Rule 203(d)(1)(B)(iv), SCACR.[2]

Petitioner filed an application for PCR alleging plea counsel was ineffective for failing to file a motion to reconsider his sentence despite his "timely and specific request."  During the PCR hearing, Petitioner testified that immediately after the plea court sentenced him, he instructed plea counsel to file a motion to reconsider his sentence, but she filed a direct appeal instead.  Petitioner stated he never used the word "appeal" when he told plea counsel to file a motion to reconsider his sentence.  Petitioner asserted he did not communicate with plea counsel further about filing the motion because he believed the direct appeal would address his request to reconsider his sentence.

Plea counsel testified she did not recall Petitioner asking her to file the motion to reconsider.  According to plea counsel, Petitioner's mother contacted her after the plea hearing and told her Petitioner wished to appeal; plea counsel stated she therefore filed a direct appeal.  When asked if she denied Petitioner instructed her to file a motion to reconsider his sentence, plea counsel testified she did not deny Petitioner made such a request, only that she had "no memory" of the request.

The PCR court denied Petitioner's application for relief, finding Petitioner failed to show plea counsel was deficient or that her alleged deficient performance prejudiced him.  First, the PCR court found plea counsel's testimony that she did not recall Petitioner requesting she file a motion to reconsider and that Petitioner's mother requested she file a direct appeal to be credible.  Second, the PCR court determined Petitioner failed to establish any prejudice from plea counsel's failure to file a motion to reconsider because there would have been no basis for a successful motion.  The PCR court found that the plea court viewed the security video and characterized Petitioner's conduct during the shooting as "surreal," "stupid," "scary," and "incredibly dangerous."  The PCR court also noted the plea court stated it "believe[d] in justice tempered with mercy" and that mercy was shown here by the State allowing Petitioner to plead to a lesser-included offense.  The PCR court concluded a motion to reconsider would not have been reasonably likely to reduce Petitioner's sentence.

Petitioner filed a Rule 59(e), SCRCP, motion to alter or amend the order denying PCR, asserting the order failed to properly address his argument that he asked plea

---

[2] Rule 203(d)(1)(B)(iv), SCACR (stating that "[i]f the appeal is from a guilty plea, . . . a written explanation showing that there is an issue which can be reviewed on appeal" should accompany the notice filed with the appellate court).

counsel to file a motion to reconsider. He argued because plea counsel was aware there were no meritorious arguments for direct appeal, "[p]lea [c]ounsel should have known that the request was to file a [m]otion to [reconsider]." Petitioner contended plea counsel was deficient for not filing the motion "based on [Petitioner's] request, [Petitioner's] significant sentence, the lack of any injuries suffered by the victims, and the minimal mitigation evidence." The PCR court denied Petitioner's Rule 59(e) motion. It determined Petitioner and the PCR court interpreted plea counsel's PCR hearing testimony differently; it stated Petitioner appeared to interpret plea counsel's testimony as meaning plea counsel "ha[d] no memory of the conversation—that [Petitioner] might have asked, but [plea counsel did not] remember." The PCR court stated it interpreted plea counsel's testimony as meaning "that [Petitioner] made no such request."

## STANDARD OF REVIEW

An appellate court will "defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). However, an appellate court "review[s] questions of law de novo, with no deference to trial courts." *Id.* at 180-81, 810 S.E.2d at 839. "[An appellate court] gives great deference to a PCR [court's] findings where matters of credibility are involved." *Simuel v. State*, 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010).

## LAW AND ANALYSIS

Petitioner argues the PCR court erred in finding plea counsel was not ineffective for failing to file a motion to reconsider his sentence. He argues there was a reasonable probability the plea court would have granted a motion to reconsider because evidence in the record supported the reduction of his sentence.[3] We disagree.

---

[3] In Petitioner's brief, he requests that this court reverse his convictions and remand for a new trial. However, because the only issue on appeal is plea counsel's alleged ineffective assistance for failing to file a motion to reconsider his sentence, we note the proper remedy in the case of a reversal would be to remand for resentencing, not for a new trial. *See Boan v. State*, 388 S.C. 272, 277, 695 S.E.2d 850, 852 (2010) ("[P]ost-conviction relief may be tailored to remedy the precise prejudice resulting from trial counsel's deficient performance."); *see also Rolen v. State*, 384 S.C. 409, 414, 683 S.E.2d 471, 474 (2009) (stating the petitioner forfeited his

In the context of a guilty plea, a court reviewing the denial of PCR claims asserting ineffective assistance of counsel applies a two-pronged test. *See Taylor v. State*, 404 S.C. 350, 359-60, 745 S.E.2d 97, 102 (2013). "First, the applicant must demonstrate counsel's representation was deficient, which is measured by an objective standard of reasonableness." *Id.* at 359, 745 S.E.2d at 102. "[T]he deficiency prong inquiry turns on whether the plea was voluntarily, knowingly, and intelligently entered." *Id.* at 360, 745 S.E.2d at 102. "To knowingly and voluntarily enter a plea of guilty, all that is required is that a defendant have a full understanding of the consequences of his plea and of the charges against him." *Simpson v. State*, 317 S.C. 506, 508, 455 S.E.2d 175, 176 (1995). "Second, the applicant must demonstrate he was prejudiced by counsel's performance in such a manner that, but for counsel's error, there is a reasonable probability the result of the proceedings would have been different." *Taylor*, 404 S.C. at 359, 745 S.E.2d at 102.

Further, "[i]n post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984). Thus, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) (quoting *Strickland*, 466 U.S. at 690).

As to the possible prejudice to Petitioner, a court "is allowed broad discretion in sentencing within statutory limits." *Garrett v. State*, 320 S.C. 353, 356, 465 S.E.2d 349, 350 (1995). "The authority to change a sentence rests solely and exclusively within the discretion of the sentencing judge." *State v. Warren*, 392 S.C. 235, 237-38, 708 S.E.2d 234, 235 (Ct. App. 2011).

We hold the PCR court did not err in denying Petitioner's application for PCR based on his ineffective assistance of counsel claim because Petitioner failed to establish plea counsel's failure to file a motion to reconsider prejudiced him. *See*

---

ability to withdraw his guilty plea once the plea court found the plea was voluntary and supported by a factual basis and formally accepted the plea).

*Strickland*, 466 U.S. at 687 (holding that to establish a claim of ineffective assistance of counsel, a PCR applicant must show (1) counsel rendered deficient performance and (2) counsel's deficiency prejudiced the defendant's case); *id.* at 694 (stating that to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *id.* at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). Petitioner presented no mitigating evidence to the PCR court that the plea court had not already considered. *See Jones v. State*, 332 S.C. 329, 338-39, 504 S.E.2d 822, 826-27 (1998) (affirming the denial of PCR and finding the defendant was not prejudiced by counsel's failure to "fully explore[] the mitigating circumstance of his mental incapacity" because the additional evidence about the defendant's mental impairment "would not have revealed anything significantly different than that which the jury was presented" when the issue of the defendant's mental condition was clearly before the jury, the trial court charged several other mitigating factors relating to mental condition, and the jury found the existence of five aggravating factors). At the time of sentencing, the plea court was aware of the evidence Petitioner argues supports the reduction of his sentence. The plea court knew no injuries resulted from the shooting, heard from the victim that he supported Petitioner, read the letters sent in support of Petitioner, and considered other mitigating evidence the plea counsel presented related to Petitioner's family history, mental health, and education when determining his sentence. After considering this evidence, the plea court stated it found Petitioner's actions "stupid[,] incredibly dangerous . . . scary[,]. . . [and] surreal." The plea court also stated that it believed justice was tempered with mercy because the State allowed Petitioner to plead guilty to a lesser-included offense instead of the attempted murder charges.[4] The plea court then imposed a sentence that was within the statutory ranges for each of these offenses. *See Garrett*, 320 S.C. at 356, 465 S.E.2d at 350 (stating a court "is allowed broad discretion in sentencing within statutory limits"); S.C. Code Ann. § 16-3-600(B)(2) (2015) (requiring a person convicted of ABHAN to be "imprisoned for not more than twenty years"); S.C. Code Ann. § 16-23-490(B) (2015) (requiring that a person convicted of possessing a weapon during the commission of a violent crime be sentenced to a mandatory five-year sentence to run consecutively or concurrently). Because Petitioner points only to evidence the plea court had already considered when it

---

[4] The plea court was also aware the State agreed to dismiss Petitioner's pending indictments for one count of second-degree burglary, one count of petit larceny, and two counts of attempted murder, which arose from incidents occurring in September 2011 and February 2012, as part of the plea negotiations.

sentenced him, Petitioner has supplied no basis upon which the plea court would have granted his motion to reconsider. Thus, we hold the evidence supports the PCR court's finding there was no reasonable probability that but for plea counsel's alleged deficient performance, the plea court would have granted Petitioner's motion to reconsider his sentence. *See Strickland*, 466 U.S. at 694 (stating that to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Accordingly, we hold Petitioner failed to establish prejudice, and the PCR court did not err in denying his PCR application. *See Franklin v. Catoe*, 346 S.C. 563, 577, 552 S.E.2d 718, 726 (2001) ("In order to obtain relief on an ineffective assistance of counsel claim, a PCR applicant must establish both that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance."); *Strickland*, 466 U.S. at 697 (stating "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").

## CONCLUSION

For the forgoing reasons, the PCR court's denial of Petitioner's PCR application is

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**