**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

John Edward Kronenberger, Appellant.

Appellate Case No. 2024-001683

Appeal From Dorchester County
Heath P. Taylor, Circuit Court Judge

Unpublished Opinion No. 2025-UP-377
Submitted November 1, 2025 – Filed November 19, 2025

**AFFIRMED**

Albert Peter Shahid, Jr., and Albert Peter Shahid, III, both of Shahid Law Office, LLC, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David M. Pascoe, of Summerville, all for Respondent.

**PER CURIAM:** John Edward Kronenberger appeals his sentence of thirty years' imprisonment suspended upon the service of twenty-two years' imprisonment and

five years' probation following his guilty plea to voluntary manslaughter. On appeal, Kronenberger argues the plea court abused its discretion by not considering the totality of the circumstances in imposing the sentence. We affirm pursuant to Rule 220(b), SCACR.

We hold the plea court did not abuse its discretion because the sentence was within the statutory range for manslaughter and there was no evidence the sentence resulted from "partiality, prejudice, oppression[,] or corrupt motive." *See State v. Palmer*, 415 S.C. 502, 511, 783 S.E.2d 823, 827 (Ct. App. 2016) ("In criminal cases, this court sits to review errors of law only, and is bound by the [plea] court's factual findings unless those findings are clearly erroneous."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A [court] is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."); *State v. Alexander*, 230 S.C. 195, 197, 95 S.E.2d 160, 161 (1956) (explaining that the defendant's appeal failed because his sentence was within the statutory limits, and he did "not question the constitutionality of the statute under which he was sentenced, nor [did he charge] partiality, prejudice, oppression[,] or corrupt motive"); *Garrett v. State*, 320 S.C. 353, 356, 465 S.E.2d 349, 350 (1995) ("A sentence is not excessive if it is within [the] statutory limitations and there are no facts supporting an allegation of prejudice against [the defendant]."); S.C. Code Ann. § 16-3-50 (2015) (stating a defendant convicted of manslaughter "must be imprisoned not more than thirty years or less than two years").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.